■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX DIAZ, Appellant.—Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered December 18, 1986, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15) and robbery in the second degree (Penal Law § 160.10), and sentencing him, as a second violent felony offender, to concurrent indeterminate prison terms of 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

It was error for the court below to have provided the jury with final written instructions comprised solely of the elements of the crimes charged without any reference to countervailing principles favorable to the defendant. *(See, People v Owens,* 69 NY2d 585.) Defense counsel, however, did not register any objection to the court's written charge submission. Consequently, the error is subject to harmless error analysis. *(Supra,* at 591.) Upon review of the facts of this case,

we find that there was no significant probability that the verdict was affected by the unpreserved error. *(See, People v Crimmins,* 36 NY2d 230, 242; CPL 470.05 [2].)

The record before this court establishes that the evidence of defendant's guilt was overwhelming. Three eyewitnesses unequivocally identified defendant as the robber, including the victim and a neighbor of defendant. Those identifications were corroborated by defendant's possession of the victim's property. In addition, defendant was apprehended within minutes of the crime. At trial, defendant offered no alibi or other countervailing proof. Nor is there any indication that the jury wrestled with the issues of identification or credibility. To the contrary, the brevity of their deliberations, a mere three hours, strongly suggests that they had no difficulty on either issue.

Further, the court's comprehensive oral instructions, taken as a whole, were clear and proper. Therefore, we do not deem this to be an appropriate case for the exercise of our power to reverse as a matter of discretion in the interest of justice. (CPL 470.15 [6] [a]; *cf., People v Williams,* 141 AD2d 334; *People v De Long,* 134 AD2d 199.)

With regard to defendant's remaining point of alleged trial error, we find it to be without merit. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.