■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PEDRO GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J.), rendered December 9, 1986, convicting defendant, after a jury trial, of three counts of burglary in the first degree, two counts of robbery in the first degree, one count of robbery in the second degree and three counts of assault in the second degree and sentencing the defendant to nine concurrent terms of 6 to 12 years' imprisonment, unanimously modified, on the law, to the extent of vacating the sentences on the assault counts and resentencing the defendant to three concurrent terms of from 3½ to 7 years' imprisonment on these counts and, as so modified, affirmed.

As the District Attorney concedes, the sentence on the assault counts exceeded the maximum statutory sentence for a class D felony (Penal Law § 70.02 [2] [b]), and we modify accordingly.

We reject defendant's *pro se* argument concerning the court's jurisdiction, since the issue of the validity of the felony complaint was rendered moot and jurisdiction was properly acquired when defendant was indicted.

Defendant's contentions that the jury instructions were incomplete and prejudicial were unpreserved by objection at trial and, thus, have not been preserved for appellate review as a matter of law. (CPL 470.05 [2].) We decline, therefore, to review them, noting that were we to consider them in the interest of justice, we would, nevertheless, affirm, finding them to be without merit.

We also reject defendant's contention, which was preserved, that the court should have charged a justification defense and the lesser offenses of petit larceny and third degree assault. There is no reasonable view of the evidence to indicate that defendant acted justifiably or that he did not use force in furtherance of the crimes charged. *(People v Glover,* 57 NY2d 61.)

Nor is there any merit to the contention that it was prejudicial, in the absence of a request from the defendant, for the court to charge that no inference should be drawn from defendant's failure to testify. Where the proof of guilt is overwhelming, the error committed in submitting the charge, if any, was harmless. *(People v Vereen,* 45 NY2d 856.) The record overwhelmingly establishes defendant's guilt, inasmuch as he was identified by two eyewitnesses, was apprehended within minutes of the burglary, and was in possession of the stolen property when apprehended.

Finally, it was error for the trial court to submit the elements of the crime to the jury in written form *(People v Owens,* 69 NY2d 585). In the absence of an objection below, however, that error is also subject to harmless error analysis in light of the overwhelming evidence of guilt and we deem such error harmless beyond a reasonable doubt. *(People v Diaz,* 145 AD2d 331.) Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.