(July 17, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN FORREST, Appellant.—Judgment of the Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered December 4, 1986, convicting defendant, after a jury trial, of attempted murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 12½ to 25 years, is affirmed.

Defendant and one other were tried for the shooting of Everton Brown on July 7, 1985. Defendant told his girlfriend, Hyacinth Blake, that he was going to "rip off" Brown and that she should call him to meet her. Later that day defendant informed his codefendant of his plan. Soon after, Blake met Brown, and defendant came "from nowhere", and pointed a gun at Brown and repeatedly shot him. Three witnesses viewed part of the incident. After three weeks of trial and subsequent to Brown's testifying, it was discovered that Brown had communicated with Detective Perrone in the hospital by writing down the answers to the detective's questions. Although a summary of this interview had been entered on a "DD5" and turned over to the defense, this was the first time either the prosecutor or defense was aware of these written notes.

After the jury is sworn and before the prosecutor's opening statement, the prosecution is obligated to turn over to the defense any pretrial statements of its witnesses relating to their testimony. (CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866.) However, a prosecutor's delay in turning over *Rosario* material will result in a reversal only

where the defense is substantially prejudiced. *(People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56.) No such prejudice occurred here. Defense counsel was able to re-cross-examine the complainant while in receipt of the delayed *Rosario* material and brought out several inconsistencies in his testimony. The written notes were not substantially different from the DD5 so as to require the defense to change its trial strategy.

The admission in evidence of the codefendant's statement constituted harmless error. "[W]here a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant * * * the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." *(Cruz v New York,* 481 US 186, 193; *see also, Bruton v United States,* 391 US 123.) When considering whether the error in a *Bruton* case is harmless, "the court must determine on the basis of its own reading of the record the probable impact of the codefendant's admissions on the 'minds of an average jury' and whether they were sufficiently prejudicial to defendant to require reversal of the conviction and a new trial". *(People v Hamlin,* 71 NY2d 750, 758, quoting *Harrington v California,* 395 US 250, 254.) In view of the overwhelming evidence against defendant, we do not find the introduction of the codefendant's statement to be sufficiently prejudicial as to warrant reversal.

It was error for the trial court to submit the elements of the crime to the jury in a written form. *(People v Gonzalez,* 157 AD2d 625; *People v Owens,* 69 NY2d 585.) However, since defendant never raised any objection, the error is unpreserved and subject to harmless error analysis. In light of the overwhelming evidence of guilt, we find the error to be harmless beyond a reasonable doubt. *(See, People v Gonzalez, supra.)* Concur—Sullivan, Carro, Milonas and Rubin, JJ.

Murphy, P. J., dissents in a memorandum as follows: Appellant was denied a fair trial by the combined effect of the egregious *Rosario* violation and the improper admission of the nontestifying codefendant's statement. These errors are sufficient to warrant reversal without reaching, in the interest of justice, the additional error, to which no objection was made, of submitting the elements of the crime to the jury in written form. *(See, People v Gonzalez,* 157 AD2d 625 [1st Dept 1990].)

The *Rosario* violation alone warrants reversal. While the

complaining witness was hospitalized and incapacitated by multiple gunshot wounds, he was interviewed by Detective Perrone and gave handwritten answers to the detective's questions. These handwritten answers, which implicate Hyacinth Blake as her brother as perpetrators, were not furnished to the defense and came to light only when defense counsel noticed them in the possession of Detective Perrone during his testimony—three weeks after the complaining witness testified that it was appellant who shot him. This extreme delay in producing *Rosario* material substantially prejudiced appellant in his defense. *(See, People v Martinez,* 71 NY2d 937, 940; *People v Perez,* 65 NY2d 154, 159-160.)

Additionally, appellant was denied a fair trial by the admission into evidence of his nontestifying codefendant's statement, which placed appellant at the scene. No independent basis exists for admission against appellant of this statement through an exception to the hearsay rule, and it cannot be said that the error, which violated the defendant's constitutional right of confrontation, was harmless beyond a reasonable doubt. *(See, Cruz v New York,* 481 US 186, 196, *on remand* 70 NY2d 733; *People v Rodriguez,* 138 AD2d 643.)

Accordingly, the judgment of the Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered on December 4, 1986, which convicted defendant, after a jury trial, of attempted murder in the second degree and sentenced him to an indeterminate term of imprisonment of 12½ to 25 years, should be reversed, and the matter remitted for a new trial.