■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RAMIREZ, Appellant.—Judgment, Supreme Court, New York County (Alan Alpert, J., at suppression and *Sandoval* hearings; Edward McLaughlin, J., at jury trial and sentence), rendered April 12, 1989, convicting defendant of criminal possession of a weapon in the third degree, attempted assault in the second degree, and possession of burglar's tools, and sentencing him, as a predicate felon, to concurrent prison terms of 3 to 6 years, 1½ to 3 years, and six months, respectively, unanimously affirmed.

On appeal, defendant complains that the People committed three *Rosario* violations *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) requiring reversal of his conviction. Since Special Police Officer Green's 911 call for transportation did not constitute *Rosario* material, the court correctly declined to give an adverse inference instruction with respect to destruction of the 911 tape *(People v Barrios,* 163 AD2d 579). In addition, the court acted within its discretion in deciding that an adverse inference instruction was the most appropriate sanction for the routine destruction of a chart containing defendant's statement that he would have killed Green if he knew Green was going to arrest him *(People v Haupt,* 71 NY2d 929, 931). Finally, the prosecutor's delay in turning over Green's memo book resulted in no prejudice to defendant since defense counsel had an opportunity to cross-examine Green regarding his memo book entries shortly after cross-examination commenced *(People v Forrest,* 163 AD2d 213, *lv granted* 76 NY2d 868).

While defendant argues that the court committed reversible error in admitting defendant's partially redacted medical record, we find that defendant was not prejudiced since he could have called his own expert witness to testify as to the meaning of the redacted material, which we find to be incomprehensible absent expert testimony. Concur—Ellerin, J. P., Kupferman, Kassal and Rubin, JJ.