THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALVIN GARRETT, Respondent.

Second Department, February 10, 1992

2

## APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney (Annette Cohen* of counsel), for appellant.

*Philip L. Weinstein (Melissa Johnson* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The day after he concluded his cross-examination of the two complainants, the defendant's attorney stated that the *Rosario* material with which he had been supplied contained no statements by the complainants to the New York City Department of Correction (hereinafter the Department of Correction). The defendant's attorney noted that the complainants, as the key prosecution witnesses, were Department of Correction employees, and the Department of Correction had apparently investigated the incident. The defendant's attorney asserted that the complainants would have been expected to have given statements to the Department of Correction, that it was the prosecution's obligation to learn of the statements, and that the prosecution's failure to do so constituted prosecutorial misconduct for which the indictment should be dismissed. The prosecutor responded that he was unaware of any Department of Correction participation until he just heard of it in court, and he was unaware of any Department of Correction reports, but that he would inquire immediately. That evening he delivered written material to the defendant's attorney, including statements which the two complainants gave to the Department of Correction.

Notwithstanding its expressed conclusion that the prosecutor's failure to timely discover and turn over the *Rosario* material was not deliberate, the court found that the defense was prejudiced, and stated that because the prosecution's "failure to provide *Rosario* material [is] a serious violation which is per se reversible", the proper remedy was to dismiss

the indictment "with prejudice." We reverse, and reinstate the indictment.

The law does not require that a tardy turnover of *Rosario* material mandates dismissal of an indictment, and certainly does not mandate that any dismissal necessarily invoke double jeopardy provisions so as to bar a retrial. The "per se" rule, established in *People v Ranghelle* (69 NY2d 56, 63), is that "[w]hen the People delay in producing *Rosario* material, the reviewing court must ascertain whether the defense was substantially prejudiced by the delay. When, however, the prosecution fails completely in its obligation to deliver such material to defense counsel, the courts will not attempt to determine whether any prejudice accrued to the defense. The failure constitutes per se error requiring that the conviction be reversed *and a new trial ordered*". (Emphasis added.)

In the case before us, the court erred both by dismissing the indictment, and, further, by doing so "with prejudice." Here, the court expressly found—and we see no basis to disagree— that the prosecutorial failure was not deliberate. Moreover, under the facts of this case, the prejudice to the defendant was not substantial, and the court, at midtrial, was in a position to impose a sanction short of dismissal, for example, by allowing the defense to reopen cross-examination *(see, People v Forrest,* 163 AD2d 213, *affd* 78 NY2d 886; *People v Keppler,* 92 AD2d 1032).

Accordingly, we reverse the order appealed from, and reinstate the indictment.

THOMPSON, J. P., HARWOOD, ROSENBLATT and EIBER, JJ., concur.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.