■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. LAWRENCE, Appellant. (Appeal No. 1.) [614 NYS2d 84] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for

further proceedings in accordance with the following Memorandum: The prosecutor's delay in turning over *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) does not require reversal because defendant was not substantially prejudiced by that delay *(see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56; *People v Garrett,* 177 AD2d 1, *lv denied* 79 NY2d 1000; *People v Harris,* 130 AD2d 939, *lv denied* 70 NY2d 647; *cf., People v Watt,* 179 AD2d 697). The court did not abuse its discretion in its *Sandoval* ruling.

Defendant's conviction of criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We reject the contention of defendant that the sentence imposed on his conviction of criminal possession of a controlled substance in the third degree is harsh and excessive and should be reduced in the interest of justice. There has been no demonstration that County Court abused its discretion or that extraordinary circumstances exist warranting a reduction of the sentence *(see, People v Farrar,* 52 NY2d 302).

Defendant contends that his conviction of criminal possession of a controlled substance in the fifth degree under Penal Law § 220.06 (5) is not supported by legally sufficient evidence to establish that defendant had the requisite knowledge of the weight of the controlled substance possessed. The People respond that defendant failed to preserve the issue for our review. As the Court observed in *People v Kilpatrick* (143 AD2d 1, 3): "Where, as here, the evidence adduced at trial is legally insufficient to establish the defendant's guilt of the offense of which he was convicted, the Appellate Division, pursuant to CPL 470.15 (4) (b), may reverse or modify the judgment, on the law, whether or not the defendant expressly or impliedly requested or protested the trial court's ruling on the issue in accordance with CPL 470.05."

We conclude that defendant's conviction of criminal possession of a controlled substance in the fifth degree under Penal Law § 220.06 (5) is not supported by legally sufficient evidence to establish that defendant had the requisite knowledge of the weight of the controlled substance possessed within the meaning of the statute *(see, People v Ryan,* 82 NY2d 497; *see also,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 220, at 9). We reject the People's

contention that the holding in *Ryan* should not be applied inasmuch as *Ryan* was decided subsequent to the conviction of defendant in this case. *Ryan* is the first case in which the Court of Appeals has construed a Penal Law section analogous to section 220.06 (5) (i.e., Penal Law § 220.18 [5]). " '[A] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle' *(Gurnee v Aetna Life & Cas. Co.* [55 NY2d 184, 192])" *(People v Favor,* 82 NY2d 254, 263). Thus, there is no question that the *Ryan* decision should be applied in this case because "[t]raditional common-law methodology contemplates that cases on direct appeal will generally be decided in accordance with the law as it exists at the time the appellate decision is made" *(People v Favor, supra,* at 260).

There is sufficient evidence, however, to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), which does not have a weight element. Therefore, the conviction of criminal possession of a controlled substance in the fifth degree is reduced to criminal possession of a controlled substance in the seventh degree, the sentence imposed thereon is vacated, and the matter is remitted to Oneida County Court for sentencing on that conviction *(see,* CPL 470.20 [4]). We find no merit to the other issues raised by defendant. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.