■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARRIS, Appellant. [614 NYS2d 356] —Judgment unanimously affirmed. Memorandum: Defendants William Harris and Alfred Long appeal from judgments convicting them of burglary in the second degree and criminal possession of stolen property in the fifth degree. We decline to reverse the convictions based upon a delay by the People in turning over the Grand Jury testimony of a prosecution witness. The delay was inadvertent and Supreme Court offered to have the witness recalled for additional cross-examination. Because defendants failed to demonstrate that they suffered substantial prejudice from the delay, reversal is not required (see, People v Forrest, 163 AD2d 213, 213-214, affd 78 NY2d 886; People v Martinez, 71 NY2d 937, 940; People v Brantley, 186 AD2d 1036, 1037, lv denied 81 NY2d 785; People v Garrett, 177 AD2d 1, 3, lv denied 79 NY2d 1000).

Defendant Long failed to object to the court's instruction on exclusive, recent possession of stolen property; consequently, his argument that the charge is inadequate is not preserved for review (see, CPL 470.05 [2]). Were we to review the merits of that argument, we would affirm because the charge as given was proper (see, People v Baskerville, 60 NY2d 374, 383). The court's Sandoval determination concerning defendant Harris was not an abuse of discretion. We decline to modify defendants' sentences as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED LONG, Appellant. [614 NYS2d 357] —Judgment unanimously affirmed. Same Memorandum as in People v Harris (204 AD2d 987 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.