■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP LOVE, Appellant. [621 NYS2d 972] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present— Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANEY BEST, Appellant. [621 NYS2d 972] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant's conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) is not supported by legally sufficient evidence establishing that defendant had the requisite knowledge of the weight of the controlled substance he possessed within the meaning of the statute *(see, People v Ryan,* 82 NY2d 497; *People v Lawrence,* 204 AD2d 969, *lv granted* 84 NY2d 937).

The evidence is sufficient, however, to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), which does not have a weight element *(see, People v Lawrence, supra).* Thus, we modify the judgment by reducing defendant's conviction of criminal possession of a controlled substance in the fifth degree to criminal possession of a controlled substance in the seventh degree and by vacating the sentence imposed thereon, and we remit the matter to Supreme Court for resentencing on that conviction *(see,* CPL 470.20 [4]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.