■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDDY GUILLAUME, Respondent. [59 NYS3d 61]—

Appeal by the People from so much of an order of the Supreme Court, Kings County (Simpson, J.), dated November 10, 2015, as, upon granting an oral application by the defendant for a mistrial, dismissed the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The defendant was indicted for criminal sexual act in the first degree, sexual abuse in the first degree, sexual abuse in the second degree, sexual misconduct, and endangering the welfare of a child, based on his alleged sexual abuse of a four-year-old child. After summations at a nonjury trial, where the mother of the four-year-old child testified for the prosecution, the prosecutor revealed that she had just received a report from the Office of Children and Family Services relating the statement of a social worker as to what the mother allegedly told her. The report stated that the mother told the social worker that she herself was sexually abused as a child. Concluding that the information was relevant to the mother's credibility and could have been used by the defense for impeachment purposes, the Supreme Court granted the defendant's oral application for a mistrial, and dismissed the indictment.

The subject statement was not a written or recorded statement of the mother, but, rather, was the statement of an unidentified person as to what the mother allegedly said. Therefore, the statement was not *Rosario* material (*see* CPL 240.45 [1] [a]; *People v Rosario*, 9 NY2d 286 [1961]; *Matter of Catterson v Rohl*, 202 AD2d 420, 423 [1994]; *People v Williams*, 165 AD2d 839, 840-841 [1990], *affd* 78 NY2d 1087 [1991]). In any event, even if there were a *Rosario* violation, the appropriate remedy was a new trial, not dismissal of the indictment (*see People v Ranghelle*, 69 NY2d 56, 63 [1986]; *People v Garrett*, 177 AD2d 1, 3 [1992]).

The defendant's remaining contention is without merit.

Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment (*see People v Alonso*, 91 AD3d 663, 666 [2012]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.