People v Pierre (2020 NY Slip Op 06556)





People v Pierre


2020 NY Slip Op 06556


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-13229
2017-12490
 (Ind. No. 1275/14)

[*1]The People of the State of New York, respondent,
v
Sandess Pierre, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered November 17, 2016, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed March 16, 2017, sentencing him, as a second felony offender, to determinate terms of imprisonment of 15 years upon his convictions of robbery in the first degree, followed by 5 years of postrelease supervision, to run consecutively with each other. The appeal from the judgment brings up for review the denial, after a hearing (John Latella, J.), of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and identification evidence.
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed upon the convictions of robbery in the first degree from 15 years to 10 years; as so modified, the resentence is affirmed.
We agree with the hearing court's determination that there was probable cause for the defendant's arrest, and accordingly, to deny suppression of the defendant's statements to law enforcement officials and identification evidence (see People v Ramirez-Portoreal, 88 NY2d 99; People v Bigelow, 66 NY2d 417; People v Prochilo, 41 NY2d 759; People v Moziy, 167 AD3d 655).
The Supreme Court providently exercised its discretion in declining to give an adverse inference charge based on the People's failure to preserve a recording of a 911 call during which a nontestifying witness relayed information from one of the defendant's victims to a 911 operator. Where, as here, a caller to 911 is not a witness at trial, the recording of the 911 call is not Rosario material (see People v Rosario, 9 NY2d 286, cert denied 368 US 866) subject to disclosure (see People v Guillaume, 152 AD3d 540; People v Moore, 29 AD3d 825, 826; People v Rojas, 29 [*2]AD3d 405, 406; People v Simons, 280 AD2d 688; People v Williams, 165 AD2d 839).
The defendant's challenge to the Supreme Court's instructions to the jury is unpreserved for appellate review, since he failed to request specific instructions or object to the court's charge as given (see CPL 470.05[2]; People v Cruz, 96 NY2d 857, 858; People v Bradford, 137 AD3d 928, 929). In any event, the charge as a whole adequately conveyed to the jury the proper principles of law (see People v Umali, 10 NY3d 417, 428; People v Bradford, 137 AD3d at 929).
The resentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's contention raised in point II of his pro se supplemental brief is unpreserved for appellate review and, in any event, without merit. The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court