■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. SPICER, JR., Appellant. — Judgment unanimously reversed, on the law and facts, defendant's motion to suppress granted, and indictment dismissed. Memorandum: Defendant's van was stopped by police shortly before 1:00 A.M. as it exited from an Agway parking lot onto Bridge Street in the Town of DeWitt. The arresting officer's testimony at the suppression hearing and at trial revealed the following grounds for his stopping of the vehicle: (1) his knowledge of several prior thefts at the Agway; (2) that the van was coming out of the Agway parking lot; (3) the lateness of the hour; and (4) that the van was capable of carrying the type of heavy equipment which had been stolen in the past. At the suppression hearing, defendant testified that the Agway parking lot was part of a shortcut between Bridge Street and Uncle Sam's, a local bar. At trial the arresting officer admitted that bar patrons sometimes park at an electrical substation situated off a road running between the Agway parking lot and Uncle Sam's. Additionally, police records were introduced into evidence showing that only one larceny had occurred at the Agway in the eight months preceding this incident.

The stopping of an automobile by police, like the stopping of a person on the street, is a seizure within the meaning of constitutional limitations (*People v Ingle,* 36 NY2d 413, 418; see *Terry v Ohio,* 392 US 1, 16). In order to have sufficient cause to stop a vehicle, a police officer must have "at least a *reasonable* suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (*People v Sobotker,* 43 NY2d 559, 563; *People v Cantor,* 36 NY2d 106, 112). "The requisite knowledge must be more than subjective; it should have at least some demonstrable roots. Mere 'hunch' or 'gut reaction' will not do" (*People v Sobotker, supra,* p 564).

Here, given the fact that the Agway lot was used after the store closed as part of a shortcut to Uncle Sam's and in the absence of any information concerning either the commission of a crime at the Agway or a description of the vehicle used in the one reported prior larceny, the officer's stopping of defendant's van was illegal and all evidence subsequently obtained must be suppressed (*People v Cantor,* 36 NY2d 106, 114, *supra*). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — criminal possession of stolen property, first degree.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.