■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE PHELPS, Appellant.—Judgment affirmed. Memorandum: Upon our review of the record, we find no factual or legal support for defendant's claim that his mental competency examination was not conducted in compliance with the statutory provisions of CPL 730.20 (1).

All concur, except Doerr and Pine, JJ., who dissent and vote to reverse, in the following memorandum.

Doerr and Pine, JJ. (dissenting). We dissent, and we vote to hold this appeal and to remit for a reconstruction hearing. Defendant claims that his mental competency examination was not conducted in accordance with the requirements of CPL 730.20 (1). There is no factual or legal support in this record to show that the examination did comply with the law. Strict compliance is required, and it is not waived by failure to object or by a guilty plea *(see, People v Armlin,* 37 NY2d 167, 172).

After the court directed an examination pursuant to CPL 730.30 to determine whether defendant was an incapacitated person, defendant was examined by a psychiatrist and a psychologist. An incapacitated person is defined as a person suffering from mental disease or defect who, as a result, "lacks capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). Pursuant to CPL 730.20 (1), examination by two psychiatrists is required unless the "appropriate director" (CPL 730.10 [4]) is of the opinion that a person to be examined may be mentally defective. No such determination appears in this record. To the contrary, the designation of examiners was oral, and the record contains a letter from the Erie County Department of Mental Health

stating that it is agency policy to handle designations verbally. Nothing in the record suggests that defendant may be mentally defective, and the reports ultimately submitted to the court indicate to the contrary. The psychiatrist found that he was "of at least average intelligence", and the psychologist concluded that he was of "approximately average intelligence or better".

Since there is no proof that CPL 730.20 was followed, defendant is entitled to a hearing to attempt to determine whether he was an incapacitated person at the time of his plea *(see, People v Armlin, supra; People v Hudson,* 19 NY2d 137, *cert denied* 398 US 944). (Appeal from judgment of Erie County Court, Dillon, J.—sexual abuse, first degree.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.