■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's claim that the testimony of Officer Adams was incredible as a matter of law. Testimony will be rejected as incredible as a matter of law only when it is " ' "impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" ' " *(People v Stroman,* 83 AD2d 370, 373; *see also, People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024; *People v Shedrick,* 104 AD2d 263, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). Adams' testimony was substan-

tially corroborated by Officer Streichler and, although Adams' testimony was inconsistent in some respects, the various testimonial discrepancies were presented to the jury, which chose to believe Adams and not the defendant. Under the circumstances, the testimony was not so inconsistent as to be incredible as a matter of law (see, People v Shedrick, 104 AD2d 263, 273-274, supra). The jury verdict was supported by legally sufficient evidence and, upon our independent review, was not contrary to the weight of evidence (see, People v Bleakley, 69 NY2d 490).

Defendant's claim that the court erred in instructing the jury on the burden of proof was not preserved for our review (CPL 470.05 [2]; People v Thomas, 50 NY2d 467). The jury charge, viewed as a whole, did not mislead the jury respecting the People's burden of proof, and we decline to exercise our discretionary powers to review this issue in the interests of justice (see, CPL 470.15 [6] [a]). We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J., at trial; Doyle, J., on suppression issue—criminal possession of weapon, third degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.