OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
At the request of defense counsel made during a proceeding to sentence defendant for sexual abuse, the trial court directed that, pursuant to CPL article 730, the director of Community Mental Health Services should cause an examination to be made of defendant to determine his mental competency. The director then orally designated a qualified psychiatrist and a certified psychologist to perform the examination. The two doctors reported defendant fit. When asked by the trial court, defense counsel said he had no objection to the court’s adopting the doctors’ reports and making them a part of the record. On appeal from his conviction, however, defendant contended that the designation of a psychiatrist and a psychologist, rather than two qualified psychiatrists (see, CPL 730.20 [1]), rendered the competency examination defective.
While CPL 730.20 (1) provides that the director receiving an examination order "must designate two qualified psychiatrists” to examine the defendant, it also permits one of the two experts conducting the examination to be a psychologist when the facility director "is of the opinion that the defendant may be mentally defective”. In the absence of any contrary evidence, we presume that the director’s designation of a psychiatrist and a psychologist to examine defendant was *921 regular and in accordance with statutory directive (Richardson, Evidence § 72, at 49 [Prince 10th ed]). In that defendant’s objection was raised only on appeal from his conviction, there is no factual record sufficient to permit review of his present contention.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.