■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUNDIE BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence, viewed in the light most favorable to the prosecution *(see, People v Ford,* 66 NY2d 428), was legally sufficient to support defendant's convictions for burglary in the second degree, petit larceny and assault in the second degree. An intent to commit larceny could be inferred from evidence that items were taken from the residence and from evidence of defendant's flight therefrom *(see, People v Mackey,* 49 NY2d 274, 279-280), and the testimony of some prosecution witnesses, though inconsistent, was not incredible as a matter of law *(see, People v Walker,* 155 AD2d 916).

The court properly rejected defendant's attempt to introduce as evidence his written statement made to police shortly after he was taken into custody. The statement was not contrary to defendant's penal interest, and even if it was, there was an obvious motive to fabricate, no independent evidence to support defendant's version of the events, and no demonstration that defendant was aware when he made the statement that it was contrary to his interest *(see, People v Shortridge,* 65 NY2d 309, 313; *People v Maerling,* 46 NY2d 289, 298-299).

The court did not err in refusing to instruct the jury

regarding circumstantial evidence and that such evidence must exclude to a moral certainty every hypothesis but guilt. That evidentiary standard applies only where the case is based solely upon circumstantial evidence; it does not apply where, as here, the People proffered both direct and circumstantial evidence to demonstrate the defendant's guilt *(People v Barnes,* 50 NY2d 375, 380; *People v Sabella,* 35 NY2d 158, 168). Also without merit is defendant's contention that the court's instruction on accomplice liability changed the theory of prosecution. "There is no distinction between liability as a principal and criminal culpability as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910; *see also, People v Katz,* 209 NY 311, 325-326).

The court did not err in denying defendant's motion to suppress his written statement. We also conclude that the trial court did not abuse its discretion in ruling that, if defendant testified, he could be cross-examined regarding his prior conviction on a burglary charge *(see, People v Alvino,* 71 NY2d 233). (Appeal from judgment of Monroe County Court, Egan, J.—burglary, second degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.