■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER J. MILLER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of intentional murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). He contends that he was deprived of a fair trial because, on the issue of his competency to stand trial, he was not examined by two psychiatrists. CPL 730.20 (1), as it was in effect at the time of the order of examination,* provided in part, "Upon receipt of an examination order, the director must designate two qualified psychiatrists, of whom he may be one, to examine the defendant to determine if he is an incapacitated person, except that if the director is of the opinion that the defendant may be mentally defective, he may designate one qualified psychiatrist and one certified psychologist to examine the defendant." In defendant's view, his psychiatric examination was defective because the director of the mental health hospital, who was one of the examiners, was a certified psychologist, not a psychiatrist. The record reveals, however, that a question arose whether defendant was mentally defective, and, in the absence of any contrary evidence, we presume that the statutory exception permitting examination by a certified psychologist applied and that the examination complied with the statute (see, People v Phelps, 147 AD2d 946, affd 74 NY2d 919).

Defendant's contention that the trial court erred in failing to deliver a "moral certainty" instruction to the jury lacks merit. The "moral certainty" standard does not apply where, as here, both direct and circumstantial evidence are presented (People v Barnes, 50 NY2d 375, 379-380).

The trial court erred in questioning prospective jurors concerning their reaction should the defendant choose not to testify or to present evidence on his behalf (see, People v Koberstein, 66 NY2d 989, 990). In light of the overwhelming evidence of defendant's guilt, we find the error to be harmless (see, People v Koberstein, supra, at 991).

We have reviewed defendant's other claims of error and find

---

* The statute has since been amended to authorize the director to appoint two "psychiatric examiners", of whom the director may be one. A "psychiatric examiner" is defined as a qualified psychiatrist or a certified psychologist.

them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—murder, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.