■ In the Matter of the Estate of RICHARD J. O'BRIEN, Deceased. PAULA H. O'BRIEN, Appellant; JANET O. NEVINS, Respondent. (Appeal No. 2.) [614 NYS2d 352] —Appeal dismissed without costs as moot. Same Memorandum as in *Matter of O'Brien* (204 AD2d 983 [decided herewith]). All concur, Green, J. P., not participating. (Appeal from Order of Niagara County Surrogate's Court, DiFlorio, S.—Restraining Order.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WEBSTER, Appellant. [614 NYS2d 352] —Judgment unanimously affirmed. Memorandum: Supreme Court did not err in refusing to give a circumstantial evidence instruction that the evidence must exclude to a moral certainty every reasonable hypothesis but guilt. That evidentiary standard applies only to a case based entirely upon circumstantial evidence *(see, People v Daddona,* 81 NY2d 990, 992; *see also, People v Goss,* 204 AD2d 984 [decided herewith]; *cf., People v Silva,* 69 NY2d 858, 859; *People v Ford,* 66 NY2d 428). It does not apply where, as here, the People proffered both direct and circumstantial evidence to prove defendant's guilt *(see, People v Daddona, supra; People v Barnes,* 50 NY2d 375, 379-380; *People v Miller,* 167 AD2d 958, *lv denied* 77 NY2d 909; *People v Barnes,* 162 AD2d 1039, 1040, *lv denied* 76 NY2d 890; *People v Brown,* 159 AD2d 956, 957, *lv denied* 78 NY2d 1009). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.