■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GOSS, Appellant. [614 NYS2d 86] —Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in denying his motion to suppress items found in a sneaker box seized from the trunk of a vehicle. The testimony adduced at the suppression hearing revealed that a City of Buffalo police officer on routine patrol heard a gunshot and observed a muzzle flash from a gun held by a man later

identified as codefendant Gary Green. The officer heard five or six shots, then observed Green enter a nearby vehicle. The officer observed defendant walking around the vehicle, but did not see him enter the vehicle. Other police officers responded and found Green and defendant on the floor of the front seat of the vehicle. The two were searched but no weapons were found. The officers searched the vehicle and found a pistol under the front passenger seat. They continued the search and found cocaine and drug-related items inside a sneaker box in the trunk.

The United States Supreme Court recently adopted a rule to govern all automobile searches: "The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained" *(California v Acevedo,* 500 US 565, 580). That rule eviscerated a distinction that had been adopted in prior cases, namely, that there was a greater expectation of privacy in a container found in a vehicle than in the vehicle itself. The Court of Appeals similarly has adopted the rule that the "automobile exception" to the warrant requirement *(see, Carroll v United States,* 267 US 132) authorizes a search of the vehicle and of closed containers found therein when the police have probable cause to believe that the vehicle contains contraband, evidence of a crime, or a weapon *(see, People v Belton,* 55 NY2d 49, 54-55).

Defendant concedes that the police had probable cause to search the vehicle but contends that the reason for the search terminated when they found the weapon under the front seat. We disagree. "[T]here is no inflexible requirement that the search concern only items relating to crimes for which the defendant is formally arrested" *(People v Blasich,* 73 NY2d 673, 680). The proper inquiry in assessing the propriety of an automobile search is whether the circumstances give rise to probable cause to search the vehicle; the search "can be justified on grounds other than those that initially prompted police to stop the vehicle" *(People v Galak,* 81 NY2d 463, 467-468). Under the circumstances of this case and the nature of the crime for which defendant was arrested, a thorough search for weapons or other contraband was warranted *(see, People v Fulton,* 189 AD2d 778, *lv denied* 81 NY2d 1014; *see also, People v Carey,* 178 AD2d 992; *People v Brown,* 116 AD2d 727).

The court did not err in denying defendant's request for a "moral certainty" circumstantial evidence charge because the

People also introduced direct evidence against defendant *(see, People v Barnes,* 50 NY2d 375; *People v Webster,* 204 AD2d 984 [decided herewith]). Defendant further contends that the evidence is insufficient to sustain his conviction of criminal possession of a controlled substance in the third degree, relying upon *People v Ryan* (82 NY2d 497). *Ryan* is not controlling because defendant was convicted under an aggregate weight statute and his knowledge of the weight of the substance may be inferred *(see, People v Ryan, supra,* at 505; *cf., People v Lawrence,* 204 AD2d 969 [decided herewith]). We have considered defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.