■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT VEIHDEFFER, Appellant. [715 NYS2d 170] —Judgment unanimously affirmed (*see, People v Lococo*, 92 NY2d 825, 827). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIE DANIELS, Appellant. [714 NYS2d 618] —Judgment unanimously affirmed. Memorandum: The contention of defendant that the police lacked reasonable suspicion to stop his van is without merit. The officer was authorized to stop defendant's vehicle based on her receipt of information from the dispatcher that the van had recently been involved in criminal activity at a car wash in Bloomfield (*see generally, People v Sobotker*, 43 NY2d 559, 564). Contrary to the further contention of defendant, the police had probable cause to arrest him based on complainant's identification. Finally, defendant's van was properly searched. The automobile exception to the warrant requirement authorizes the search of a vehicle when the police have probable cause to believe that the vehicle contains contraband, evidence of a crime or a weapon (*see, People v Goss*, 204 AD2d 984, 985, *lv denied* 84 NY2d 826). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Mischief, 4th Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.