■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS E. COLLINS, Appellant. [715 NYS2d 348] —Judgment unanimously affirmed. Memorandum: Supreme Court properly permitted the People to elicit testimony from the teacher of one of the victims concerning the diary kept by that victim. The People were not obligated under *Rosario* to produce the diary because it was not in their possession or control (*see, People v Tissois,* 72 NY2d 75, 78). Defendant's contentions that the testimony concerning the diary improperly bolstered the testimony of the victim and her identification of defendant and constituted improper opinion evidence are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the contention that defendant was denied effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708, 711). The court properly excluded evidence of self-serving statements made by defendant during an interview preceding his polygraph examination (*see, People v Brown,* 159 AD2d 956, *lv denied* 78 NY2d 1009) as well as the results of the examination (*see, People v Shedrick,* 66 NY2d 1015, 1018, *rearg denied* 67 NY2d 758). Defendant withdrew his request for a missing witness charge and thus failed to preserve for our review his contention that the court erred in failing to give such a charge (*see,* CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation (*see,* CPL 470.05 [2]; *People v Youngblood,* 261 AD2d 960, *lv denied* 93 NY2d 1029). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.