■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN J. WRIGHT, Appellant. [730 NYS2d 388] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted in part and matter remitted to Ontario County Court for further proceedings on indictment. Memorandum:

Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). We agree with defendant that County Court erred in refusing to suppress a half-full beer bottle that was seized from his vehicle during what the arresting officer termed an "inventory search." The officer testified at the suppression hearing that his purpose in conducting the search was "to search for contraband, illegal substances, drugs, anything that is going to be imperative to the charges that we may have." Thus, the court properly determined that the search was not an inventory search conducted to protect the law enforcement agency against claims of stolen or lost property (*see generally*, *People v Galak*, 80 NY2d 715, 718-719). We further conclude, however, that the court erred in upholding the warrantless search of the vehicle. "The automobile exception to the warrant requirement authorizes the search of a vehicle when the police have probable cause to believe that the vehicle contains contraband, evidence of a crime or a weapon" (*People v Daniels*, 275 AD2d 1006, *lv denied* 95 NY2d 962; *see, People v Belton,* 55 NY2d 49, 54-55, *rearg denied* 56 NY2d 646; *People v Goss*, 204 AD2d 984, 985, *lv denied* 84 NY2d 826). Here, the police lacked the requisite probable cause, and thus the court should have granted that part of defendant's motion seeking to suppress the beer bottle. "Because we cannot say with certainty that the erroneous suppression ruling played no part in defendant's decision to plead guilty, the plea must be vacated" (*People v Self,* 213 AD2d 998; *see, People v Coles*, 62 NY2d 908, 910). In view of our determination, we do not reach defendant's remaining contentions. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Green, J. P., Wisner, Hurlbutt, Burns and Lawton, JJ.