■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH STOCK, Appellant. [871 NYS2d 545]—

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]). We agree with defendant that Supreme Court erred in refusing to suppress the evidence obtained as the result of the warrantless stop of the vehicle that she was driving. The stop may be deemed proper only if it was based upon a reasonable suspicion of criminal activity (*see People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *People v May*, 81 NY2d 725, 727 [1992]), and here the police lacked the requisite reasonable suspicion. According to the suppression hearing testimony of the police officer who stopped the vehicle driven by

defendant, he observed defendant shortly after midnight as she was leaving the parking lot of a group home and was pulling onto a roadway. The officer testified that he believed that defendant's presence at that location was suspicious because the group home had been closed for renovations, the parking lot was empty, and he had not observed vehicles in that parking lot on previous night patrols. After following defendant's vehicle for a short distance, the officer pulled the vehicle over, whereupon he noticed that defendant smelled of alcoholic beverages, was slurring her speech, and had glassy eyes. The officer testified, however, that he did not observe defendant driving erratically or violating any traffic laws before stopping her vehicle. The People's contention that the stop was justified because defendant was leaving the parking lot of a closed group home shortly after midnight lacks merit. That fact alone, which is in effect no more than a "[m]ere 'hunch' or 'gut reaction,' " is insufficient to create the requisite reasonable suspicion that criminal activity was afoot (*People v Sobotker*, 43 NY2d 559, 564 [1978]; *see People v Morrison*, 161 AD2d 608, 608-609 [1990]; *People v Spicer*, 105 AD2d 1100 [1984]). In view of our conclusion that the court should have suppressed the evidence obtained as the result of the illegal stop of defendant's vehicle, defendant's guilty plea must be vacated (*see People v Washburn*, 309 AD2d 1270, 1271 [2003]; *People v Wright*, 285 AD2d 984 [2001]). Moreover, because our determination results in the suppression of all evidence supporting the crimes charged, the indictment must be dismissed (*see Washburn*, 309 AD2d at 1271). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.