■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. HERNDON, Appellant. [903 NYS2d 286]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 21, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that the prosecutor's peremptory challenge with respect to an African-American prospective juror constituted a *Batson* violation. We reject that contention inasmuch as the prosecutor offered legitimate, nonpretextual reasons for exercising a peremptory challenge with respect to that prospective juror (*see generally People v Smocum*, 99 NY2d 418, 422-423 [2003]).

We also reject the contention of defendant that County Court erred in refusing to suppress the drugs found in his vehicle and on his person. "The automobile exception to the warrant requirement authorizes the search of a vehicle when the police have probable cause to believe that the vehicle contains contraband, evidence of a crime or a weapon" (*People v Daniels*, 275 AD2d 1006 [2000], *lv denied* 95 NY2d 962 [2000]; *see People v Belton*, 55 NY2d 49, 54-55 [1982], *rearg denied* 56 NY2d 646 [1982]; *People v Goss*, 204 AD2d 984, 985 [1994], *lv denied* 84 NY2d 826 [1994]). Here, the police had probable cause to search the vehicle in question based on the observations of an experienced police detective who observed what appeared to be a hand-to-hand drug transaction inside that vehicle in an area known for drug activity (*see People v Jones*, 90 NY2d 835, 837

1084

[1997]; *People v Kirkland*, 56 AD3d 1221 [2008], *lv denied* 12 NY3d 785 [2009]). Moreover, the court also determined that defendant voluntarily consented to the search of the vehicle and his person at the scene. The court's determination "should not be disturbed unless clearly erroneous or unsupported by the [suppression] hearing evidence" (*People v Scaccia*, 4 AD3d 808, 808 [2004] *lv denied* 3 NY3d 647 [2004]), and that is not the case here (*see People v Tejeda*, 217 AD2d 932, 933-934 [1995], *lv denied* 87 NY2d 908 [1995]).

Finally, we have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.