People v Taylor (2024 NY Slip Op 04678)

People v Taylor

2024 NY Slip Op 04678

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

592.1 KA 19-01174

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES TAYLOR, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered May 23, 2019. The appeal was held by this Court by order entered March 15, 2024, decision was reserved and the matter was remitted to Erie County Court for further proceedings (225 AD3d 1202 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment against defendant is dismissed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We previously concluded, with respect to defendant's suppression motion, that County Court "erroneously concluded that the patrol lieutenant engaged in only a level one intrusion when he directed defendant to step out of the vehicle" (People v Taylor, 225 AD3d 1202, 1203 [4th Dept 2024]). We therefore held the case and remitted the matter to County Court to determine, based on the evidence presented at the suppression hearing, whether the patrol lieutenant had reasonable suspicion to direct defendant to exit his vehicle (id.). Upon remittal, the court concluded that the patrol lieutenant lacked reasonable suspicion and granted that part of defendant's omnibus motion seeking to suppress physical evidence. Because that determination results in the suppression of all evidence supporting the crime charged, the indictment against defendant must be dismissed (see People v Stock, 57 AD3d 1424, 1425 [4th Dept 2008]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court