■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HEWLETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 19, 1979, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to be established.

Contrary to the defendant's assertion, the evidence in this case was sufficient as a matter of law to support his conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Nevertheless, we are constrained to reverse on the basis of certain errors which served to deprive the defendant of a fair trial.

First, during the presentation of the People's case, one of the jurors failed to appear at the appointed hour. Although the defendant's attorney requested that some inquiry be made in order to ascertain the juror's availability or capacity to continue to serve, the court declined to do so. Instead, after waiting just one hour, the court simply discharged the juror and replaced him with an alternate on the basis of a representation of a court clerk that the missing juror had previously stated that he would be unable to serve if the trial continued. This was reversible error, inasmuch as the court discharged the missing juror without first causing an adequate inquiry to be made in order to determine whether the juror was "unable to continue serving by reason of illness or other incapacity, or for any other reason [was] unavailable for continued service" (CPL 270.35; *see, People v Karadimas,* 99 AD2d 652).

Further, in its charge to the jury, the court utilized the phrases "moral certainty" and "reasonable degree of cer-

tainty" in explaining the concept of proof beyond a reasonable doubt. The use of those phrases was improper and, under the circumstances of this case, requires reversal despite the lack of objection thereto *(see, People v La Rosa,* 112 AD2d 954).

Finally, during the course of its deliberations, the jury made a written inquiry to the court regarding the distinction between two of the crimes submitted. The record indicates that the court formulated a written response to the inquiry in consultation with the prosecutor and defense counsel, but the defendant was not present and his attorney did not object to his absence. Further, there is no suggestion in the record that the defendant intentionally forfeited his right to be present *(cf., People v Watson,* 121 AD2d 487, *lv denied* 68 NY2d 818). Moreover, the jury was never returned to the courtroom, and the court's written response was simply delivered to the foreman. This procedure violated the mandate of CPL 310.30, which requires that the court, upon receipt of a request for further instructions, cause the jury to be returned to the courtroom and, in the presence of the defendant, deliver the supplemental instructions. We have held that the defendant has "an absolute right to be present, with counsel, at all proceedings concerning the court's charge, admonishments, instructions to the jury and responses to jury questions during deliberations" *(People v Mehmedi,* 118 AD2d 806, 807, *affd* 69 NY2d 759; *see also, People v Ciaccio,* 47 NY2d 431, 436-437). Thus, the failure to have secured the defendant's presence at the proceeding in which the jury's inquiry was received and answered was reversible error, despite the lack of objection to his absence *(see, People v Mehmedi, supra).*

In view of our determination, we find it unnecessary to address the remaining contentions of the defendant. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.