■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JOHNSON, JR., Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: During the course of defendant's trial, the jury requested further instruction with respect to certain trial exhibits, and requested that certain testimony be reread. To answer the jury's evidentiary questions, the Trial Judge went to the jury room and instructed the jury, outside the presence of defendant and without his consent. We find this to be reversible error. Defendant has a fundamental right to be present when the jury is instructed. This right is absolute and unequivocal, and it is protected by statute (CPL 310.30). Failure of the Trial Judge to comply with the statute presents an issue of law, even without proper objection, and harmless error analysis is inapplicable *(People v Mehmedi,* 69 NY2d 759, 760; *see, People v Ciaccio,* 47 NY2d 431, 436-437). On this record, there is no indication that defendant was even aware that this had happened until the transcript was prepared on the appeal. Accordingly, we reverse defendant's conviction, and we remand for a new trial.

Since we are reversing defendant's conviction, we also comment that the Trial Judge's instruction to the jury on reasonable doubt improperly employed the phrases "reasonable degree of certainty" *(see, People v Hewlett,* 133 AD2d 417; *People v Lanni,* 73 AD2d 538), "reasonable doubt must therefore be based entirely and absolutely upon some good sound substantial reason" *(see, People v La Rosa,* 112 AD2d 954), and "morally and reasonably certain" *(see, People v Hewlett, supra).* The trial court also improperly charged the jury that it should not draw any negative inference from defendant's failure to testify; such a charge should be given only on the request of defendant (CPL 300.10 [2]; *People v Vereen,* 45 NY2d 856; *People v Goncalves,* 143 AD2d 530).

Defendant also seeks reversal of three other convictions based upon guilty pleas entered at the time of sentencing on this matter and upon which he received concurrent sentences. Because the record does not indicate that appeals have been taken with respect to those convictions, they are not before us *(cf., People v Fuggazzatto,* 62 NY2d 862; *People v Land,* 131 AD2d 883). We have examined defendant's other contention, and we find it to be without merit. (Appeal from judgment of

Onondaga County Court, Burke, J.—criminal possession of weapon, second degree, and other charges.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.