■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON FRANK, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: The trial court's instructions to the jury on reasonable doubt incorrectly employed the phrases " 'morally and reasonably certain' " *(People v Johnson,* 145 AD2d 932; *People v Hewlett,* 133 AD2d 417) and " 'reasonable doubt must therefore be based entirely and absolutely on good

sound substantial reason' " *(People v Johnson, supra,* at 932; *People v La Rosa,* 112 AD2d 954; *see also, People v Newell,* 178 AD2d 959). Additionally, the trial court improperly instructed the jury that "it is possible to establish the guilt of a defendant charged with a crime *to a reasonable degree of certainty. To that degree of proof the People must be held. If they fail to sustain that burden,* the defendant is entitled to the benefit of a reasonable doubt and to acquittal" (emphasis supplied). We conclude that those instructions effectively reduced the People's burden of proof and that the charge as a whole failed to convey the proper standard to the jury *(see, Cage v Louisiana,* 498 US 39; *People v Newell, supra).* As a result, defendant was deprived of a fair trial and we therefore as a matter of our discretion in the interest of justice *(see,* CPL 470.15 [6]) reverse the judgment of conviction and grant a new trial.

In view of our determination, we do not address defendant's remaining contentions. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Boomer, J. P., Pine, Fallon, Davis and Doerr, JJ.