■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE PAYNE, Appellant. [596 NYS2d 282] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant and a codefendant Vernon Frank were jointly charged with rape in the first degree (Penal Law § 130.35 [1]; § 20.00), robbery in the second degree (Penal Law § 160.10 [1]; § 20.00) and grand larceny in the fourth degree (Penal Law § 155.30 [5]; § 20.00). The charges arose out of the forcible rape and robbery of a

woman on June 23, 1990 in the City of Niagara Falls. Defendant was convicted, following a jury trial, of rape and robbery. Vernon Frank, who was tried separately, was similarly convicted. In October 1992, this Court unanimously reversed Frank's conviction as a matter of discretion in the interest of justice and granted him a new trial because of County Court's erroneous instructions to the jury on reasonable doubt *(People v Frank,* 160 AD2d 977). Our decision in *Frank* is dispositive of this appeal because County Court used the same erroneous instructions on reasonable doubt. As a result, defendant was deprived of a fair trial *(People v Frank, supra).* (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.