■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN P. LAPLANCHE, Appellant. [598 NYS2d 877] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: The evidence, viewed in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), was sufficient to support the conviction and the verdict was not contrary to the weight of the evidence (see, *People v Bleakley,* 69 NY2d 490, 495).

However, County Court's instructions to the jury on reason-

able doubt unconstitutionally diminished the People's burden of proof and deprived defendant of a fair trial *(see, People v Banks,* 193 AD2d 1051 [decided herewith]; *People v Freeman,* 193 AD2d 1117 [decided herewith]; *People v Payne,* 192 AD2d 1117; *People v Frank,* 186 AD2d 977).

Since a new trial is necessary, we note that, on the evidence in this record, the court erred in denying defendant's request for a circumstantial evidence charge *(see, People v Silva,* 69 NY2d 858, 859; *People v Ford,* 66 NY2d 428; *People v Sanchez,* 61 NY2d 1022).

The court properly permitted defendant's wife to testify concerning the time her husband arrived home on the morning of May 14, 1987, as well as her discovery of a duffel bag and its contents later that day, because those observations were not " 'communications' " protected by the marital privilege *(People v Wilson,* 64 NY2d 634, 636). With respect to the other "communications" that took place over a period of approximately six months to a year, we conclude that, although those communications were presumably privileged when made *(see,* CPLR 4502 [b]), the privilege was lost because the substance of those communications was revealed to a third party *(see, Matter of Vanderbilt [Rosner—Hickey],* 57 NY2d 66, 74). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.