■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SNEED, Appellant. [598 NYS2d 624] —Judgment unanimously reversed as a matter of discretion in the interest of justice, new trial granted on counts two, six, seven and eight of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: In its instructions to the jury on reasonable doubt, County Court incorrectly used the phrase "morally and reasonably certain" *(see, People v Frank,* 186 AD2d 977) and improperly instructed the jury that "it is possible to establish the guilt of a defendant charged with a crime to a reasonable degree of certainty. To that degree of proof, the People must be held. If they fail to sustain that burden, then the defendant is entitled to the benefit of a reasonable doubt and to acquittal" *(see, People v Payne,* 192 AD2d 1117; *People v Frank, supra).* Because County Court's

instructions on reasonable doubt effectively reduced the People's burden of proof, and thereby deprived defendant of a fair trial, we reverse defendant's conviction as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]) and grant a new trial on counts two, six, seven and eight of the indictment *(see,* CPL 470.15 [6]; *People v Payne, supra; People v Frank, supra).* Inasmuch as defendant was convicted of the lesser included offenses of criminal trespass in the second degree under counts one and four of the indictment, those counts must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 634, 635). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.