■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE P. BIRO, Appellant. [602 NYS2d 474] —Judgment unanimously reversed on the law, new trial granted on counts one, four and seven of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges under count six of indictment to another Grand Jury. Memorandum: Defendant's conviction of kidnapping in the second degree, rape in the first degree, sexual abuse in the first degree, assault in the third degree and unauthorized use of a motor vehicle in the third degree must be reversed because "County Court's instructions to the jury on reasonable doubt unconstitutionally diminished the People's burden of proof and deprived defendant of a fair trial" (People v LaPlanche, 193 AD2d 1062, 1062-1063; see also, Sullivan v Louisiana, 508 US —, 113 S Ct 2078; People v Brinson, 195 AD2d 966; People v Frank, 186 AD2d 977). Inasmuch as defendant was convicted of the lesser included offense of assault in the third degree under count six of the indictment, that count is dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury (see, People v Gonzalez, 61 NY2d 633, 635; People v Grant, 197 AD2d 910 [decided herewith]). A new trial is granted on counts one, four and seven of the indictment.

Additionally, the evidence that defendant struck the victim

in the chest was legally insufficient to sustain the People's burden of proof on the charge of sexual abuse in the first degree *(see, People v Teicher,* 52 NY2d 638; *People v Shealy,* 51 NY2d 933). Thus, count five of the indictment must be dismissed. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.