■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHRISTOPHER BRADLEY, Appellant. [610 NYS2d 901] — Judgment unanimously reversed on the law and new trial granted. Memorandum: In its instructions to the jury defining reasonable doubt, County Court incorrectly instructed that the jury must be "morally and reasonably" certain of defendant's guilt. County Court further erred in defining the People's burden to establish defendant's guilt beyond a reasonable doubt as the burden to establish defendant's guilt "to a reasonable degree of certainty". Those instructions on reasonable doubt effectively reduced the People's burden of proof, thereby depriving defendant of a fair trial (see, People v Sneed, 193 AD2d 1139, lv denied 82 NY2d 759; People v Frank, 186 AD2d 977). Consequently, reversal is required. County Court

did not abuse its discretion by consolidating for trial two indictments charging defendant with robbery in the first degree *(see, People v Lane,* 56 NY2d 1). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.