FOURTH DEPARTMENT, SEPTEMBER, 1994

(September 30, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. GARRETT, Appellant. [617 NYS2d 78] —Judgment unanimously reversed on the law and new trial granted. Memorandum: There is no merit to the contention that defendant was denied his statutory right to a speedy trial. A felony complaint was lodged against defendant on September 19, 1991; an indictment was filed on January 3, 1992, and the People announced their readiness for trial on January 17, 1992. Defendant contends that the indictment should have been dismissed because postreadiness delay chargeable to the People, resulting from defendant's detention in another jurisdiction, when added to the time chargeable to the People before their statement of readiness, exceeded six months (see,

CPL 30.30 [1]; *People v Anderson,* 66 NY2d 529). The record establishes that the District Attorney made diligent efforts to secure the presence of defendant, who was in Federal prison. Thus, the period from February 18, 1992, to June 5, 1992, is not chargeable to the People and, therefore, County Court properly denied defendant's motion to dismiss *(see,* CPL 30.30 [4] [e]; *People v Parker,* 186 AD2d 593, *lv denied* 81 NY2d 845; *People v Smith,* 138 AD2d 972, *affd* 73 NY2d 961; *People v Leftwich,* 126 AD2d 748; *see also, People v Jones,* 105 AD2d 179, 186, *affd* 66 NY2d 529).

We agree with defendant, however, that reversal is mandated by the court's incorrect instruction to the jury that reasonable doubt must be based "entirely and absolutely on some good substantial reason" and that the People had to establish defendant's guilt "to a reasonable degree of certainty" *(see, People v Bradley,* 201 AD2d 914; *People v Sosby,* 197 AD2d 909; *People v Grant,* 197 AD2d 910, *lv denied* 82 NY2d 895; *People v Sneed,* 193 AD2d 1139, *lv denied* 82 NY2d 759).

Defendant also contends that the court erred in determining as a matter of law that he admitted the previous conviction set forth in the prosecutor's special information filed pursuant to CPL 200.60 by voluntarily absenting himself from the trial. Although the court could arraign defendant on the special information in absentia, his absence does not constitute an admission to the allegations in that information. Rather, when a defendant is arraigned on a special information in absentia, his absence must be construed as his either denying or remaining mute regarding the previous conviction and "the people may prove that element of the offense charged before the jury as a part of their case" (CPL 200.60 [3] [b]). The court erred in concluding that the allegations in the special information were admitted, thus satisfying that element of the People's proof, and in refusing to grant the People's request to adduce evidence proving the previous conviction. Consequently, reversal is also mandated on that ground. (Appeal from Judgment of Oswego County Court, Elliott, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.