■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYE A. PORTER, Appellant. [617 NYS2d 99] —Judgment unanimously affirmed. Memorandum: The contention of defendant that the trial court erred in accepting his waiver of the right to a jury trial lacks merit. Contrary to defendant's contention, the record establishes that, after the trial court conducted an extensive inquiry, defendant waived that right because he believed that the People did not have a strong case against him and that the court would perceive the weakness of the People's evidence. The record belies the assertion of defendant that he waived his right to a jury trial because he believed that no African-Americans were on the panel of prospective jurors.

There is no merit to the contention of defendant that his conviction of criminal possession of a controlled substance in the fourth degree is not supported by legally sufficient evidence. Unlike the cases of *People v Ryan* (82 NY2d 497) and

*People v Lawrence* (204 AD2d 969), defendant was convicted under an aggregate weight statute (Penal Law § 220.09 [1]). Therefore, defendant's knowledge of the weight of the substance "may be inferred from defendant's handling of the material, because the weight of the entire mixture, including cutting agents, is counted" *(People v Ryan, supra,* at 505; *see, People v Goss,* 204 AD2d 984).

Finally, the sentence is not unduly harsh or severe. Defendant's contention that the trial court abused its discretion by imposing a sentence that was "unnecessarily retributive" is lacking in merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.