■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER WILLIAMS, Appellant. [620 NYS2d 193] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Supreme Court erred in permitting the People to use incriminating statements made by defendant while testifying under subpoena as a prosecution witness in an unrelated State court trial. Defendant's right to counsel had attached in this matter when the statements were made because felony complaints had been filed against defendant (see, People v Samuels, 49 NY2d 218). Defendant did not waive his right to counsel before making the statements, nor could he have done so in the absence of counsel.

The People argue that the statements were elicited on cross-examination by defense counsel. The statements were received over the prosecutor's objection, and the People argue, therefore, that the statements were not the result of the prosecutor's interrogation (see, People v Velasquez, 68 NY2d 533). As set forth in Velasquez, however, the right to counsel guarantees that an accused will have a competent advocate in confronting the power of the State, and that protection extends to encounters with private citizens if there is collusion of the State (People v Velasquez, supra, at 537). "Consonant with the important interest to be protected, the word 'interrogation' must be read broadly. Plainly, 'interrogation' goes beyond the direct custodial questioning by police or prosecutors such as took place in virtually all of our right to counsel cases. Interrogation includes not only formal questioning by the police or prosecutor, but also more subtle forms of State inducement to make incriminating statements * * * By the same token the State cannot, through the facade of private citizens, elicit incriminating evidence without infringing defendant's right to counsel * * * Moreover, the State's actual motivation in interrogating defendant is irrelevant" (People v Velasquez, supra, at 537-538).

Unlike the defendant in Velasquez, defendant had been subpoenaed by the prosecution, not defense counsel, and the prosecutor had prepared him as a witness before trial. The prosecutor undoubtedly had turned over to defense counsel, as Brady material, information on the charges pending against defendant in this matter. At the former trial, defendant was never advised of the implications of his statements. Finally,

and perhaps most importantly, both trials involved here were in State court and charges were prosecuted by the same District Attorney's office; in *Velasquez,* the incriminating statements were made in Federal court, where the charges were prosecuted by a separate entity. The involvement of the State here far exceeds its involvement in *Velasquez;* we do not agree that the incriminating statements were elicited by a private citizen without any State involvement. Because the error is not harmless *(see, People v Crimmins,* 36 NY2d 230, 237), we must reverse.

Although defendant failed to preserve his objection to the court's charge on Penal Law § 220.25 (2), on retrial the court must clarify in its instructions that the presumption is in fact a permissive inference *(see,* 3 CJI[NY] PL 220.25 [2], at 1741-1743; *People v Gardner,* 163 AD2d 892).

Dismissal of the indictment is not required because the evidence is sufficient to establish constructive possession by defendant of the cocaine, weapon, and drug paraphernalia *(see, People v Myrick,* 203 AD2d 902). There is no merit to the contention that the proof of defendant's knowledge of the weight of the cocaine is insufficient *(see, People v Porter,* 207 AD2d 993). Because we are granting a new trial, we do not address the issue whether defendant's sentence is harsh or excessive. We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.