■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE MAE McQUEEN, Appellant. [620 NYS2d 195] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted, following a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The People concede that County Court's instructions to the jury on reasonable doubt unconstitutionally diminished the People's burden of proof. Therefore, defendant was deprived of a fair trial *(see, People v Brinson,* 195 AD2d 966;

*People v LaPlanche,* 193 AD2d 1062, 1062-1063, *lv dismissed* 82 NY2d 756; *People v Payne,* 192 AD2d 1117; *People v Frank,* 186 AD2d 977). Thus, the conviction must be reversed and a new trial granted.

There is no merit to the contention that defendant's conviction of criminal possession of a controlled substance in the second degree is not supported by legally sufficient evidence. Unlike the defendant in *People v Ryan* (82 NY2d 497), defendant was convicted under an aggregate weight statute (Penal Law § 220.18 [1]). Therefore, defendant's knowledge of the weight of the controlled substance "may be inferred from defendant's handling of the material" *(People v Ryan, supra,* at 505; *see, People v Williams,* 209 AD2d 962 [decided herewith]; *People v Porter,* 207 AD2d 993; *People v Goss,* 204 AD2d 984).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.