■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE CRAWFORD, Appellant. [621 NYS2d 1017] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant's conviction of criminal possession of a controlled substance in the fourth degree is not supported by legally sufficient evidence. Defendant was convicted under an aggregate weight statute (see, Penal Law § 220.09 [1]), and his knowledge of the weight of the controlled substance may be inferred from his handling of the material (see, People v McQueen, 209 AD2d 995; People v Porter, 207 AD2d 993; People v Goss, 204 AD2d 984). Further, the evidence is sufficient to establish that defendant, rather than the other occupant of the bedroom, possessed the cocaine, and the verdict is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The trial court properly declined defendant's request for an accomplice charge (see, CPL 60.22; People v White, 26 NY2d 276). We further conclude that "the evidence, the law and the circumstances of [the] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (People v Satterfield, 66 NY2d 796, 798-799). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.