■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEARLEAN YOUNGBLOOD, Appellant. [621 NYS2d 265] —Judgment unanimously reversed on the law, count two of the indictment dismissed without prejudice to the People to re-present any appropriate charges under count two to another Grand Jury and matter remitted to Niagara County Court for further proceedings on count one of the indictment. Memorandum: The People concede that reversal is mandated by County Court's use of an erroneous reasonable doubt charge *(see, People v Guiteau,* 204 AD2d 1035, *lv denied* 84 NY2d 868; *People v Bradley,* 201 AD2d 914). The People also concede that the proof is legally insufficient to support defendant's conviction of criminal possession of a controlled substance in the fifth degree because it fails to establish that defendant knowingly possessed more than 500 milligrams of cocaine *(see, People v Ryan,* 82 NY2d 497; *People v Lawrence* [appeal No. 1], 204 AD2d 969, *lv granted* 84 NY2d 937). There is sufficient evidence, however, to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree. Count two of the indictment charging defendant with criminal possession of a controlled substance in the fifth degree is therefore dismissed without prejudice to the People to re-submit any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894).

It was also error for the court to deny defendant's suppression motion without conducting a hearing. In her omnibus motion papers, defendant set forth sworn allegations of fact to support her assertion that the evidence seized should be suppressed because her stop and search by the police were not supported by reasonable suspicion or probable cause. In re-

sponse, the People denied defendant's allegations and indicated that they were prepared to go forward at a probable cause hearing. Given those circumstances, it was error for the court to deny defendant's suppression motion without conducting a hearing (see, CPL 710.60 [4]). We, therefore, reverse defendant's conviction on count one of the indictment and remit the matter to County Court for a hearing on defendant's suppression motion and a new trial. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Balio, J. P., Lawton, Fallon, Wesley and Doerr, JJ.