OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
In an information, defendant was charged with two counts of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [i], [iv]) and other traffic offenses in connection with an August 20, 2003 incident. In a separate information, defendant was charged with one count of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]) and other traffic offenses with respect to a July 9, 2004 incident. On appeal from the judgments of conviction, defendant contends that the informations were defective in that, with regard to the aggravated unlicensed operation charges, they failed to address the knowledge element of said crime.
A review of the informations, together with the attached documents referred to therein, reveals that they satisfy the statutory standards (CPL 100.15, 100.40 [1]). It has been observed that “[s]o long as the factual allegations of an infor *50 mation give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see People v Prevete, 10 Misc 3d 78, 79 [App Term, 9th & 10th Jud Dists 2005]). Moreover, the requisite knowledge for the commission of a crime may be inferred from the defendant’s conduct and the surrounding circumstances (see generally People v Wiemeier, 222 AD2d 972, 974 [1995]; People v Williams, 2001 NY Slip Op 40486[U] [App Term, 1st Dept 2001]).
In the case at bar, the factual allegations adequately showed that defendant knew or had reason to know of the suspension of his license (see Vehicle and Traffic Law § 511 [1], [2] [a]). The information regarding the August 20, 2003 offenses alleged that Officer Maniet reviewed a computer check of defendant’s Department of Motor Vehicles (DMV) record which revealed that at the time of his observations of defendant, defendant’s license to operate a motor vehicle had in effect 23 suspensions on seven dates and that such suspensions remained in effect. In addition, it was alleged in the information that defendant had been convicted within the previous 18 months of aggravated unlicensed operation of a motor vehicle, and the date of such earlier conviction was established as May 31, 2002 in a copy of the DMV driver abstract for defendant attached to the information.
The information concerning the July 9, 2004 offense sets forth more factual allegations establishing, if true, that defendant knew or had reason to know of the suspension of his license. Upon being asked for his license, defendant handed the officer not a license, but a “New York State photo identification (a non-driver Id).” A certified copy of arraignment minutes attached to, and made part of the information, showed that defendant had been arraigned for another offense (the Aug. 20, 2003 aggravated unlicensed operation of a motor vehicle charge), less than a year before July 9, 2004. In addition, it is alleged in said information that Sergeant Myers was informed by the New York State Police barracks that defendant’s license had 23 suspensions on seven dates, which suspensions remained in effect on the instant date, and a certified copy of defendant’s DMV driver abstract was attached.
The Court of Appeals has found that an affidavit of regularity/ proof of mailing from the DMV is not admissible under the *51 business record exception to the hearsay rule, where it was prepared specifically for the purpose of prosecution rather than at the time of the revocation of the defendant’s license (People v Pacer, 6 NY3d 504, 509-512 [2006]; see also Vehicle and Traffic Law § 214; People v Kello, 96 NY2d 740, 743 [2001] [“Even when an out-of-court statement is admissible under a State hearsay rule exception, its introduction nonetheless violates the Confrontation Clause unless it falls within a ‘firmly rooted hearsay exception’ ”]). We observe, however, that the hearsay nature of allegations in the subject informations and attached, supporting documents does not constitute a barrier to their consideration in determining the sufficiency of the informations, since no motion was made by defendant in the court below to dismiss the informations for lack of nonhearsay allegations (see People v Casey, 95 NY2d at 361-366). Furthermore, consideration of hearsay allegations for the purpose of ascertaining the sufficiency of a pleading would in no event constitute a violation of the Confrontation Clause, since “the right to confrontation is a trial right available against witnesses at trial” (People v Hameed, 88 NY2d 232, 239 [1996], cert denied 519 US 1065 [1997] [internal quotation marks omitted]). Under the circumstances, therefore, we find that there is ample factual support for the allegations in the informations before us that defendant knew or had reason to know of the suspension of his license.
The evidence was legally sufficient to establish defendant’s guilt of the aggravated unlicensed operation of a motor vehicle charges beyond a reasonable doubt. Defendant’s sole claim in this regard upon this appeal is that the People failed to establish that he knew or had reason to know of the suspension of his license. With regard to the element of knowledge, the People’s proof showed that he had prior, unsatisfied and multiple suspensions of his license as of both of the subject dates. A redacted copy of defendant’s certified driving abstract was received in evidence on consent (cf. People v Pacer, 6 NY3d 504 [2006], supra, People v Maldonado, 44 AD3d 793 [2007]). There was also testimony concerning defendant’s driving history from a witness, recognized without objection as an expert with respect to DMV records, and the court properly granted the People’s motion to take judicial notice of defendant’s court appearances in 2003 and 2004, preceding the July 20, 2004 charges. Under the circumstances, therefore, viewed in the light most favorable to the prosecution (People v Ford, 66 NY2d 428, *52 437 [1985]; People v Contes, 60 NY2d 620 [1983]) and according to the prosecution all “valid line[s] of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury” (People v Bleakley, 69 NY2d 490, 495 [1987]), the evidence was legally sufficient to support the jury’s implicit finding that defendant had knowledge or reason to know of the suspension of his license on the dates of both offenses.
We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Bleakley, 69 NY2d at 495).
In view of the foregoing and the lack of any contentions relating to the remaining convictions, the judgments are affirmed.
Rudolph, EJ., McCabe and Scheinkman, JJ., concur.