*890 OPINION OF THE COURT
Michael Geestein, J.
Defendant is charged with unlicensed operator (Vehicle and Traffic Law § 509 [1]) and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]). In a pretrial omnibus motion, defendant seeks an order:
(1) Dismissing the information as facially insufficient pursuant to CPL 100.40 and 170.30;
(2) Suppressing any and all tangible or testimonial fruits of the defendant’s arrest, or, in the alternative, directing the holding of a Mapp/Dunaway hearing, pursuant to CPL 710.20 and 710.60;
(3) Precluding the People from introducing evidence of any statement or identification testimony at trial for which proper notice has not been given pursuant to CPL 710.30 (3);
(4) Granting a voluntariness hearing as to any statements the People intend to use for impeachment purposes;
(5) Compelling a bill of particulars, pursuant to CPL 200.95 (5) and 100.45;
(6) Compelling discovery, pursuant to CPL 240.40;
(7) Precluding the use of certain evidence for failure to comply with the discovery demand or request for a bill of particulars pursuant to CPL 200.95 (5) and 240.70 (1);
(8) Precluding at trial the use of defendant’s prior criminal history or prior uncharged criminal, vicious or immoral conduct;
(9) Directing the People to preserve and produce all recorded police communications related to this case, including but not limited to any 911 tape(s), radio run(s), Sprint report(s) and any radio communications between or among police officers;
(10) Reserving to defendant the right to make additional motions as necessary; and for such other relief as this court may deem just and proper.
The People filed a response and voluntary disclosure form (VDF) dated February 17, 2010, which also included a demand for notice of alibi pursuant to CPL 250.20.
Facial Sufficiency
In order to be sufficient on its face, an information must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].) The allegations must *891 be nonhearsay. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [c].)
The information alleges that the incident occurred on November 22, 2009, at approximately 8:03 p.m., at the corner of Saint Nicholas Avenue and West 184th Street, in the County and State of New York. The accusatory instrument, signed by Police Officer Michael Checa, states, in relevant part:
“[EO. Checa] observed the defendant operating a motor vehicle (the key was in the ignition, the [engine] was running, and defendant was behind the wheel) on a public highway . . . Deponent states that he conducted a computer check of the records of the New York State Department of Motor Vehicles which revealed that defendant’s license was suspended and has not been reinstated. Deponent further states that his basis for believing that the defendant had reason to know his license was suspended is as follows:
“The computer check revealed that defendant’s license was suspended for failure to pay a driver’s responsibility assessment. Defendant received six points on defendant’s driving record during a period of 18 months. The minimum amount that you must pay each year is the annual assessment. The total assessment for the three years is $300. The defendant was instructed to pay the minimum amount in thirty (30) days or less by a notice sent to the defendant’s last known address. Said notice stated ‘If you do not pay the assessment, the DMV will suspend your driver license, your learner permit, or your driving privileges.’ ”
The Complaint is Facially Insufficient as to Aggravated Unlicensed Operation
Vehicle and Traffic Law § 511 (1) (a) provides that
“[a] person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise with *892 drawn by the commissioner.”
Defendant maintains, citing People v Pacer (6 NY3d 504 [2006]), that in order to support this charge, the People must provide sufficient nonhearsay allegations that defendant had knowledge, or reason to know, that his license was suspended at the time of operation. Defendant contends that here, the only document filed in support of these allegations was a certified DMV abstract of defendant’s driving record dated December 11, 2009, without a copy of the mailing notice, and the abstract makes no reference to how or when the defendant was notified of this suspension, and thus, the only support for these allegations is the hearsay statement by Officer Checa as to what his computer check of the New York State Department of Motor Vehicles revealed to him. Defendant argues that the allegations here are analogous to those held insufficient to satisfy the requirement of nonhearsay support for the knowledge element of the crime in People v Zaro (Crim Ct, NY County, 2006, Gesmer, J., docket No. 2006NY085745) and People v Brown (15 Misc 3d 1143[A], 2007 NY Slip Op 51129[U] [Crim Ct, NY County 2007]).
Pacer (supra) is not on point here, since defendant appealed, after a jury trial, arguing that his Sixth Amendment right to confront the witnesses against him was violated by the admission at trial of an “Affidavit of Regularity/Proof of Mailing” prepared by a DMV official describing DMV’s revocation and mailing procedures, and averring that on information and belief they were satisfied. The court noted that there is a mens rea required to prove the felony offense of first degree aggravated unlicensed operation, and held that the affidavit, which was submitted in order to prove that defendant knew his driving privileges had been revoked, was more like a testimonial statement than an ordinary business or public record. Thus, the court held that without an opportunity to cross-examine the affiant, defendant had no chance to inquire about the basis for the affiant’s “information and belief’ that DMV mailed the notice. (People v Darrisaw, 66 AD3d 1427 [4th Dept 2009].) However, in People v Mayes (19 Misc 3d 48 [App Term, 2d Dept 2008], lv denied 10 NY3d 936 [2008]), the Appellate Term for the 9th and 10th Judicial Districts noted the distinction between the use of affidavits and abstracts that have been certified for purposes of a supporting deposition and those offered for purposes of proving the offense at trial. Mayes held that the right to confront witnesses against a defendant is a trial right, *893 and as such does not apply to affidavits used to establish elements of the crime — such as proof that the defendant’s license or registration was suspended at the time he was arrested. The outcome in Mayes was clouded by the fact that the defendant did not make a pretrial motion asserting that each element of the crime had not been established by nonhearsay proof in the supporting deposition and attached documents. Here, defendant has made a motion to dismiss on precisely those grounds.
There is no question that the People must establish that the defendant knew or should have known that his license was suspended or revoked to be convicted of aggravated unlicensed operation. (See e.g. People v Abelo, 14 Misc 3d 818 [Sup Ct, Bronx County 2006]; People v Ham, 265 AD2d 674 [3d Dept 1999] [defendant who indicated that he thought his right to drive a vehicle in New York had been reinstated was entitled to have his guilty plea vacated on appeal].) Several courts have held that such allegations must be nonhearsay for facial sufficiency purposes. (See e.g. People v Brown, supra.)
In Brown,’ defendant Gonzalez’ license had been suspended automatically when he failed to make child support payments, after being sent a “New York State Important Notice Regarding Your Driving Privileges and Your Failure to Pay Child Support” advising:
“we will notify the Department of Motor Vehicles to suspend your driving privileges unless you take one or more of the following actions within forty-five days from the date of this notice . . . The suspension occurs automatically (by computer) sixty days after the Notice is mailed, if the necessary steps are not taken.” (2007 NY Slip Op 51129[U], *2.)
The court held that these allegations, while providing reasonable cause to believe that Gonzalez had reason to know of the suspension, are nevertheless hearsay, and thus insufficient. However, Judge Mandelbaum notes that the requirement that an information be supported by nonhearsay allegations can be established by evidentiary facts that would be admissible under an exception to the hearsay rule (id,.; see People v Casey, 95 *894 NY2d 354, 361 [2000]). Thus, documentation from the DMV which would satisfy the foundational requirements of the business records exception (see CPLR 4518 [a], [c]), the public records exception (see CPLR 4520), or the common-law public documents exception (see Consolidated Midland Corp. v Columbia Pharmaceutical Corp., 42 AD2d 601 [2d Dept 1973]), if offered in support of the hearsay allegation that a notice of suspension for failure to pay child support (Vehicle and Traffic Law § 510 [4-e]) had been mailed to defendant, would render the information facially sufficient. (See also People v Pierre, 157 Misc 2d 812 [Crim Ct, NY County 1993] [without a DMV abstract, police officer’s allegation that defendant’s license had been suspended, based on a computer check of DMV records, would be based not upon personal knowledge, but upon hearsay].) Moreover, Vehicle and Traffic Law § 214 provides that
“The production of a copy of a notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license . . . and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures.”
Here, the complaint specifically alleges that defendant’s license was suspended for failure to pay a driver’s responsibility assessment, and that defendant was instructed to pay the minimum amount in 30 days or less by a notice sent to his last known address or his license would be suspended by the DMV Defendant’s license was not suspended for failure to answer a traffic summons, but rather for his alleged failure to answer a notice sent by the DMV Yet the People failed to provide a copy of this notice, or an affidavit from an employee of the DMV setting forth the DMV’s procedure for issuing and mailing such notices. As with defendant Gonzalez in Brown (supra), the only allegation supporting the element that defendant had knowledge of his license being suspended is Police Officer Checa’s “belief” based upon a computer check of DMV records. Because this allegation is based on facts of which Officer Checa has no personal knowledge, we find that the count of aggravated unlicensed operation of a motor vehicle has been insufficiently *895 alleged. Defendant’s motion to dismiss this count is accordingly-granted.
Defendant is also charged with unlicensed driving (see Vehicle and Traffic Law § 509 [1]), but does not argue the facial sufficiency of that count.
Motion to Suppress Physical Evidence
Evidence obtained by means of an unlawful search and seizure is excludable under the New York and Federal Constitutions. (Mapp v Ohio, 367 US 643 [1961]; Dunaway v New York, 442 US 200 [1979]; CPL 710.20 [1].) In order to succeed on a motion to suppress, a defendant must advance sworn allegations of fact supporting the grounds for suppression. (People v Mendoza, 82 NY2d 415 [1993]; CPL 710.60.) Where insufficient undisputed evidence exists to grant or deny such a motion, a court must order a hearing. (CPL 710.60 [4]; People v Youngblood, 210 AD2d 948 [4th Dept 1994].)
Defendant’s motion to suppress evidence, or in the alternative for a Mapp/Dunaway hearing, is granted, to the extent of directing a hearing.
Unnoticed Statements and Identification Testimony
Defendant moves for an order precluding statements allegedly made by the defendant which have not been noticed to defendant, as well as any identification testimony which has not been noticed to defendant, pursuant to CPL 710.30. Since there is no indication that the People intend to introduce any statement or identification evidence, this branch of defendant’s motion is denied with leave granted to resubmit should the People seek to introduce any such evidence at trial.
Impeachment Evidence
Since there is no indication the People intend to use any statements made by defendant for impeachment purposes, defendant’s motion for a voluntariness hearing is denied with leave granted to resubmit should the People seek to introduce any such evidence at trial-
Defendant’s motion to preclude the People from impeaching his credibility with evidence of any prior convictions or uncharged criminal, vicious or immoral conduct is referred to the trial court.
*896 Motion for a Bill of Particulars and Discovery
Defendant’s motion for a bill of particulars and his demand for discovery are denied in light of the People’s service of their bill of particulars and VDF. The People are reminded of their Brady, Rosario, and related obligations.
Cross Motion for Reciprocal Discovery
The People’s cross motion for reciprocal discovery is granted.

 Because the cases involving two defendants raised related issues, Judge Mandelbaum decided both in a single opinion. Defendant Brown’s alleged suspension arose not from a failure to pay child support, but rather from a failure to answer a traffic summons. Thus, Judge Mandelbaum held, the officer’s factual basis for alleging that defendant Brown had reason to know of her suspension is within the personal knowledge of the officer. This is not the case here.