People v Smith (2022 NY Slip Op 51226(U))

[*1]

People v Smith (Laura)

2022 NY Slip Op 51226(U) [77 Misc 3d 130(A)]

Decided on November 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2018-592 S CR

The People of the State of New
York, Respondent,
against
Laura A. Smith, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (W. Alexander Melbardis, J. H. O.), rendered
January 23, 2018. The judgments convicted defendant, after a nonjury trial, of operating
a motor vehicle with an expired inspection certificate, operating an unregistered motor
vehicle and operating a motor vehicle on a public highway with improper license plates,
respectively, and imposed sentences.

ORDERED that the judgment convicting defendant of operating a motor vehicle on
a public highway with improper license plates is affirmed; and it is further,
ORDERED that so much of the appeal as is from the judgments convicting
defendant of operating a motor vehicle with an expired inspection certificate and
operating an unregistered motor vehicle is dismissed.
Defendant was charged in separate simplified traffic informations with operating a
motor vehicle with an expired inspection certificate (Vehicle and Traffic Law § 306
[b]), operating a motor vehicle without insurance (Vehicle and Traffic Law § 319
[1]), operating an unregistered [*2]motor vehicle
(Vehicle and Traffic Law § 401 [1] [a]) and operating a motor vehicle on a public
highway with improper license plates (Vehicle and Traffic Law § 402 [4]),
respectively.
Prior to trial, upon opposing a motion by defendant, the People sought to impose
sanctions on defendant's attorney, Scott Lockwood, Esq., on the ground that the motion
was frivolous and that counsel had made similarly frivolous motions in other cases. Upon
denying defendant's motion, the Judicial Hearing Officer (J.H.O.) barred Scott
Lockwood from making any motions in the Suffolk County Traffic and Parking
Violations Agency (SCTPVA) without first obtaining leave of court.
At a nonjury trial, a police officer testified that he ran defendant's license plate
number on the patrol car computer linked to the New York Department of Motor
Vehicles (DMV) database, which showed that the plate number did not correspond with
the make and model of defendant's vehicle. Defense counsel's objection to the admission
of this testimony on the ground that it was hearsay was overruled by the court. The
officer testified that, after stopping defendant's vehicle, he requested her license and
registration. She did not produce either of these documents. Additionally, the officer
observed that the inspection certificate on the windshield of defendant's vehicle had
expired. The officer then issued defendant several citations.
Following the trial, the court convicted defendant of operating a motor vehicle with
an expired inspection certificate, operating an unregistered motor vehicle and operating a
motor vehicle on a public highway with improper license plates, respectively, and
sentenced her to various fines. The court's return to defendant's affidavit of errors states,
among other things, that it did not bar defense counsel from making any motions in this
case.
On appeal, defendant contends that the verdict convicting her of operating a motor
vehicle on a public highway with improper license plates is against the weight of the
evidence because the court erroneously relied on the officer's testimony regarding the
DMV information that he obtained from the patrol vehicle's computer. Next, defendant
contends, for the first time on appeal, that a judicial hearing officer is not authorized to
determine a pretrial motion and that so much of the order as granted the People's
application to preclude defense counsel from making motions in the SCTPVA without
first obtaining leave of court should have been denied.
We agree that the court erred in admitting into evidence, over defense counsel's
objection, inadmissible hearsay, namely, the testimony regarding DMV information
obtained by the police officer from the patrol vehicle's on-board computer to establish
defendant's guilt of operating a motor vehicle on a public highway with improper license
plates (see People v Clark,
64 Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]; cf. People
v Mayes, 19 Misc 3d 48 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
The People never sought to place certified documentation of this DMV information into
evidence (see Clark, 2019 NY Slip Op 50980[U]; cf. Mayes, 19 Misc 3d
48).
Notwithstanding the erroneous admission of the DMV information, the officer's
testimony that defendant failed to produce the vehicle registration was "presumptive
evidence of [*3]displaying number plates not proper for
the vehicle" (Vehicle and Traffic Law § 402 [4]). Consequently, "the burden shifted
to the defendant to establish" otherwise (see Clark, 2019 NY Slip Op 50980[U],
*4), but she failed to proffer evidence rebutting this presumption. In view of the
foregoing, we find that the verdict convicting defendant of operating a motor vehicle on
a public highway with improper license plates (Vehicle and Traffic Law § 402 [4])
was not against the weight of the evidence. 
The portion of the December 11, 2017 order barring Scott Lockwood from making
any motions in the SCTPVA without first obtaining leave of court is not reviewable on
this appeal from the judgment of conviction, as such review is limited by the "plain
terms" of CPL 470.15 (1) "to errors that adversely affected the appellant in the criminal .
. . proceedings from which the appeal is sought . . . [and] not errors that 'may adversely
affect the appellant' in some other proceeding not before the appellate court" (People v Francis, 34 NY3d
464, 471-472 [2020]).
As no reviewable issue is raised with respect to the judgments convicting defendant
of operating a motor vehicle with an expired inspection certificate and operating an
unregistered motor vehicle, so much of the appeal as is from these judgments of
conviction is dismissed.
Accordingly, the judgment convicting defendant of operating a motor vehicle on a
public highway with improper license plates is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17, 2022